1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| SAM BAUM, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PLATINUM NINE HOLDINGS, LLC d/b/a NORTHWEST AMBULANCE CRITICAL CARE TRANSPORT, a Washington limited liability company,<br><br>    Defendant. | Case No.<br><br>DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT<br><br>[FROM SNOHOMISH COUNTY SUPERIOR COURT CASE NO. 25-2-01171-31] |

9

10

11

12

13

14

15

16 **TO:**        Clerk, U.S. District Court, Western District of Washington, at Seattle;

17 **AND TO**:    All parties and their attorneys of record.

18        PLEASE TAKE NOTICE that Defendant Platinum Nine Holdings, LLC d/b/a Northwest

19 Ambulance Critical Care Transport ("Platinum Nine") hereby removes the state court action

20 captioned *Baum v. Platinum Nine Holdings, LLC, et al.*, Case No. 25-2-01171-31 (the "State Court

21 Proceeding") from the Superior Court of the State of Washington for the County of Snohomish

22 ("Snohomish County Superior Court") to the United States District Court for the Western District

23 of Washington.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446

24 and Western District of Washington Local Civil Rule 101.  In support of their removal of this

25 action, Defendant states as follows:

26

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

**BACKGROUND**

1.    On February 3, 2025, Plaintiff Sam Baum ("Plaintiff") filed the State Court Proceeding in the Snohomish County Superior Court against Defendant.  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's state court complaint (the "Complaint") is attached hereto.  A complete copy of all process, pleadings, orders, and other records served or filed in the state court action will be attached to Defendant's Verification of State Court Records, to be filed within 14 days of the filing of this Notice pursuant to the Court's Local Civil Rule 101(c).

2.    On April 3, 2025, Counsel for Plaintiff, Dean Petitta, sent an email to the undersigned requesting that Defendant accept service of the Complaint.

3.    Plaintiff purports to allege, on behalf of himself individually and on behalf of a putative class of individuals, that Defendant committed unlawful compensation practices in violation of Washington State law.  *See* Complaint, ¶¶ 1.1–1.2.

4.    Defendant strenuously denies the allegations in the Complaint and that it owes anything by the Complaint to Plaintiff and the putative class of individuals he purports to represent but treats the allegations in the Complaint as true for purposes of this Notice of Removal only.

5.    The deadline for Defendant to remove this action has not expired since receipt by Defendant of Plaintiff's request to accept service of the Complaint.  Defendant has not voluntarily invoked or submitted to the jurisdiction of the Snohomish County Superior Court of the State of Washington in any manner.

**REMOVAL OF THIS ACTION IS APPROPRIATE UNDER 28 U.S.C. § 1332**

6.    District courts have jurisdiction for civil actions where: (a) the controversy is between citizens of different states; and (b) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  It is the removing party's burden to establish that removal is proper.  *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhtoka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010)

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 2

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

1   (internal citations omitted).  Both requirements of diversity jurisdiction are met here, as addressed

2   below.

3   **A.  <u>Complete Diversity of Citizenship</u>**

4       7.      Plaintiff and Defendant are citizens of different states.  28 U.S.C. § 1332.

5       8.      For purposes of determining diversity of citizenship, a person is a "citizen" of the

6   state in which they are domiciled.  *See Armstrong v. Church of Scientology Int'l*, 243 F.3d 546,

7   546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *Kantor v. Wellesley*

8   *Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity

9   purposes under federal common law a party must…be domiciled in the state").  The Ninth Circuit

10  has held that "allegations of citizenship may be based solely on information and belief."  *Ehrman*

11  *v. Cox Comm'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

12      9.      Plaintiff alleges he is a resident of the State of Washington.  Complaint, ¶ 3.1.

13  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d

14  514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile.").  Domicile for

15  purposes of diversity is determined as of the time the lawsuit is filed.  *See Lew v. Moss*, 797 F.2d

16  47, 750 (9th Cir. 1986).  Thus, based upon Plaintiff's assertions, Plaintiff is a citizen of

17  Washington.

18      10.     "[A]n unincorporated association's citizenship is that of each of its members."

19  *United Steelworkers of Am., AFL-CIO v. R. H. Bouligny, Inc.*, 382 U.S. 145, 146, 86 S. Ct. 272,

20  273, 15 L. Ed. 2d 217 (1965); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S. Ct.

21  1015, 1021, 108 L. Ed. 2d 157 (1990); *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378,

22  384, 136 S. Ct. 1012, 1017, 194 L. Ed. 2d 71 (2016) ("we reaffirm that it is up to Congress if it

23  wishes to incorporate other entities into 28 U.S.C. § 1332(c)'s special jurisdictional rule").

24      11.     Here, Plaintiff correctly identifies Defendant Platinum Nine as a limited liability

25  company with its principal place of business in Everett, Washington.  Complaint, ¶ 3.2.  However,

26  Platinum Nine's sole member is Chris Smith, and at the time of the filing of this action, and at all

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 3

**STOEL RIVES** LLP
ATTORNEYS
**600 University Street, Suite 3600, Seattle, WA  98101**
*Telephone 206.624.0900*

1  relevant times, Chris Smith has been domiciled in, and a citizen of, the State of Arizona.  Therefore,

2  at the time of the filing of this action, and at all relevant times, Platinum Nine has been a citizen

3  of a state other than Washington within the meaning of 28 U.S.C. § 1332.

4    12.    Because Plaintiff is a resident of Washington, and Defendant Platinum Nine is a

5  citizen of a foreign state (Arizona), the diversity requirement under 28 U.S.C. § 1332 is satisfied.

6  Indeed, there is complete diversity.

7  **B. Amount in Controversy**

8    13.    The amount in controversy must exceed $75,000.00 for purposes of diversity

9  jurisdiction.  28 U.S.C. § 1332.

10    14.    In determining whether the jurisdictional minimum is met, the Court considers all

11  recoverable damages, including mental and emotional distress damages, punitive damages,

12  statutory penalties, and attorneys' fees.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.

13  2001); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980-81 (9th Cir. 2005); *Galt G/S v. JSS*

14  *Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (claims for statutory attorneys' fees to be

15  included in the amount in controversy, regardless of whether such an award is mandatory or

16  discretionary); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  The

17  amount in controversy includes all future damages the plaintiff would be entitled to upon

18  resolution of the case in his favor.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th

19  Cir. 2018).

20    15.    Defendant has the burden of establishing the jurisdictional threshold of amount in

21  controversy, by a preponderance of the evidence.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

22  398, 404 (9th Cir. 1996).  "[That] burden is not 'daunting,' as courts recognize that under this

23  standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim

24  for damages.'"  *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *2 (E.D. Cal. May 1,

25  2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

26

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 4

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

16.    In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *See Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Thus, the Court should assume that Plaintiff will prevail on his statutory claims that include attorneys' fees, costs, and expenses.

17.    Under 28 U.S.C. § 1446(c), Defendant has a reasonable, good faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000.00.

18.    Plaintiff seeks compensatory and exemplary damages for himself and each putative class member for eight claims alleging unlawful compensation practices, including failure to pay regular wages, failure to pay overtime wages, failure to provide rest breaks, failure to provide meal breaks, failure to provide paid sick leave, unlawful deductions, and willful violations of wage and hour law. *See* Complaint at 16.

19.    Assuming a finding of "willfulness" on Plaintiff's claims, Plaintiff and the putative class members will be entitled to double damages. *See, e.g.*, RCW 49.52.070.

20.    Plaintiff also seeks attorneys' fees and costs under RCW 49.52.070, RCW 49.48.030, and RCW 49.46.090. *See* Complaint at 16. As the removing party, Defendant may estimate "the amount of time that the case will require" and "plaintiff's counsel's hourly billing rate." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs, & Prod. Liab. Litig.*, 2019 WL 957578, at *7-8 (N.D. Cal. Feb. 27, 2019). Courts in the Ninth Circuit have estimated that between 100 and 300 hours is an appropriate estimate of the number of hours expended through trial for an employment action. *See Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 1140, 1148 (E.D. Cal. Mar. 20, 2018) (citing *Sasso v. Noble Utah Long Beach, LLC*, No. 14-9154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015)); *Garcia*, 2014 WL 2468344 at *5.

21.    Here, by virtue of Plaintiff's request for attorneys' fees and costs pursuant to RCW 49.52.070, RCW 49.48.030, and RCW 49.46.090, *see* Complaint at 16, and based on data

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 5

1  from Plaintiff's counsel's public filings from similar class action litigation, Plaintiff is more likely

2  than not to seek greater than $75,000 in attorney's fees.

3      22.    Publicly available documents demonstrate that Plaintiff's lead counsel, Shunt

4  Tatavos-Gharajeh (i.e., the attorney who signed the complaint), bills his time at a rate of $800.00

5  per hour.  *See Alcazar v. California United Mechanical, Inc.*, Case No. 3:21-cv-09003-TLT, Doc.

6  No. 52, Declaration of Douglas Han, ¶ 11.  That document is a sworn declaration from Douglas

7  Han, that he filed in support of the plaintiff's motion for attorneys' fees, costs, and service awards

8  in a Northern District of California Court.  Mr. Han, also signatory to the Complaint in this action,

9  reported in *Alcazar* that in connection with his pre-summary judgment settlement in that matter,

10  he himself billed 242.7 hours at a rate of $900,00 per hour. *Id.*, ¶ 11 & Ex. 1 at 22.  Mr. Tatavos-

11  Gharajeh billed 235.2 hours.  *Id.*, Ex. 1 at 22.  Collectively, all attorneys and paralegals on that

12  case billed a total of 766.5 hours even before the summary judgment stage.  That same declaration

13  indicated that other attorneys in Mr. Han's office also bill at $500.00 per hour.  Thus, it is

14  conservative and reasonable to assume that Plaintiff is seeking $75,001.00 in attorneys' fees and

15  costs at the very least—and likely much more.

16      23.    When combined with the compensatory and exemplary relief sought, it is more

17  likely than not that the amount in controversy vastly exceeds $75,000.00.  At the very least, even

18  assuming that Plaintiff is entitled to nominal damages, and his lead counsel is the only member of

19  his legal team who bills time to this matter, and he bills only 100 hours, the amount in controversy

20  is no less than $80,000.00.

21      **ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

22      24.    Venue lies in the United State District Court for the Western District of

23  Washington.  This action originally was brought in the Snohomish County Superior Court, which

24  is located within the Western District of Washington.  Therefore, the action is properly removed

25  to this Court because it is the "district and division embracing the place where such action is

26  pending." 28 U.S.C. § 1441(a).

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 6

25. Plaintiff filed his Complaint in the Snohomish County Superior Court on February 3, 2025. Defendant first learned of this lawsuit when it received Plaintiff's email on April 3, 2025, requesting acceptance of service of the Complaint. Defendant is filing this Notice of Removal within thirty days of that date and the Notice is therefore timely under 28 U.S.C. § 1446.

26. Defendant is filing this Notice of Removal on behalf of and with the consent of all known defendants in this action.

27. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Snohomish County Superior Court, attached to a pleading entitled "Notice to Plaintiff of Defendant's Notice of Removal to Federal Court."

28. As further required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Defendants will serve Plaintiff within this Notice of Removal and with their Notice to Plaintiff of Defendants' Removal to Federal Court.

## <u>CONCLUSION</u>

WHEREFORE, Defendant respectfully seek removal of the above-entitled action from the Snohomish County Superior Court to the U.S. District Court for the Western District of

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 7

1  Washington at Seattle.  Defendant reserves, and does not waive, any objections it may have to

2  jurisdiction, venue, and any and all other defenses or objections to this action.

3

4  DATED:  April 14, 2025.                                 STOEL RIVES LLP

5

6                                                          s/ James M. Shore
                                                           JAMES M. SHORE, WSBA #28095
7                                                          jim.shore@stoel.com

8                                                          s/ Aaron R. Doyer
                                                           AARON R. DOYER, WSBA #60095
9                                                          aaron.doyer@stoel.com

10                                                         600 University Street, Suite 3600
                                                           Seattle, WA  98101
11                                                         Telephone:  206.624.0900
                                                           Facsimile:  206.386.7500

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 8

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1

**CERTIFICATE OF SERVICE**

2

    I, Debbie Dern, declare under penalty of perjury under the laws of the State of Washington

3

that the following is true and correct.  I am employed by the law firm of Stoel Rives LLP.  At all

4

times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of

5

the State of Washington, and over the age of 18 years, not a party to the above-entitled action, and

6

7

competent to be a witness herein.

8

    I hereby certify that on April 14, 2025, I served the foregoing document on the following

9

persons by the means described below:

10

11

12

13

14

15

16

Douglas Han, WSBA #59429     ☐ hand delivery
Shunt Tatavos-Gharajeh, WSBA #59424     ☐ facsimile transmission
Dean Petitta, WSBA #58295     ☐ overnight delivery
JUSTICE LAW CORPORATION     ☒ first class mail
751 North Fair Oaks Avenue, Suite 101     ☒ e-mail delivery
Pasadena, CA  91103
Telephone (818) 230-7502
Facsimile (818) 230-7259
Email: dhan@justicelawcorp.com
Email: statavos@justicelawcorp.com
Email: dpetitta@justicelawcorp.com

17

Counsel for Plaintiff

18

19

    DATED at Seattle, Washington this 14th day of April, 2025.

20

21

                      *s/ Debbie Dern*
                      Debbie Dern, Practice Assistant

22

23

24

25

26

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 9

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*