UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAM BAUM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PLATINUM NINE HOLDINGS, LLC d/b/a NORTHWEST AMBULANCE CRITICAL CARE TRANSPORT, a Washington limited liability company,<br><br>Defendant. | CASE NO. 2:25-cv-00671-TL<br><br>ORDER ON MOTION TO REMAND |

This matter is before the Court on Plaintiff's Motion to Remand (Dkt. No. 10). Having considered the motion, Defendant's response (Dkt. No. 12), Plaintiff's reply (Dkt. No. 17), and the relevant record, the Court GRANTS the motion and REMANDS this action to Snohomish County Superior Court.

**I.    BACKGROUND**

The named Plaintiff, Mr. Sam Baum, and putative class members are current and former Washington hourly-paid or non-exempt employees of Platinum Nine Holdings, LLC. Dkt.

No. 1-2 (complaint) ¶1.2. On February 3, 2025, Plaintiff filed a class action lawsuit in Snohomish County Superior Court on behalf of himself and all others similarly situated. Dkt. No. 1-2. Plaintiff claims that Defendant committed wage and hour abuses against its Washington hourly-paid or non-exempt employees. *Id.* ¶ 1.1. Plaintiff alleges nine causes of action against Defendant. Specifically, Plaintiff accuses Defendant of:

> (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; and (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages.

*Id.* Plaintiff alleges that Defendant's actions violate various Washington state laws. *Id.* Plaintiff proposes a class of "All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action." *Id.* ¶ 4.1.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). "Limited first by the Constitution, to only the kinds of 'Cases' and 'Controversies' listed in Article III. And for all lower federal courts, limited as well by statute." *Id.* Statutory provisions granting federal district courts subject-matter jurisdiction include, among others, 28 U.S.C. 1331 ("federal question" jurisdiction) and 28 U.S.C. § 1332(a) ("diversity" jurisdiction), and, more recently, 28 U.S.C. § 1332(d) (jurisdiction under the Class Action Fairness Act, or "CAFA" jurisdiction), and others.

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin*

ORDER ON MOTION TO REMAND – 2

*v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); *see also* 28 U.S.C. § 1441(a) (authorizing removal of actions); 28 U.S.C. § 1446 (governing removal procedures). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir.2010). Where the statutory requirements for jurisdiction are not satisfied, or where removal is otherwise defective, a motion may be made to remand to case to state court. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

### III.   DISCUSSION

Defendant filed a Notice of Removal on April 14, 2025. Dkt. No. 1. Defendant's Notice of Removal alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because "(a) the controversy is between citizens of different states; and (b) the amount in controversy exceeds $75,000." *Id.* 1 ¶ 6. Plaintiff contests both that the parties are diverse and that Defendant has met its burden to demonstrate the amount in controversy. *See generally* Dkt. No. 10.

**A.   Untimely Assertion of CAFA Jurisdiction**

In opposition to the motion to remand, Defendant asserts for the first time that in addition to diversity jurisdiction, the Court has jurisdiction over this action under the CAFA, 28 U.S.C. § 1332(d). (Dkt No. 12 at 14–21.) This may well be so. But Defendant did not remove this action under CAFA; Defendant only removed this action on the basis of traditional diversity jurisdiction under 28 U.S.C. 1332(a). *See generally* Dkt. No. 1. Defendant has not sought to amend the Notice of Removal to add CAFA as the basis for removal, nor can it, as such amendment is barred by the statutory deadline for removal—that is, 30 days after receiving a copy of the complaint. *O'Halloran v. Univ. of Wa.*, 856 F.2d 1375, 1381 (9th Cir. 1988); *see* 28

U.S.C. 1446(b)(1). Here, that deadline passed on or around May 3, 2025. *See* Dkt. No. 1 ¶ 2.

A defendant removing an action "must state the basis for removal jurisdiction in the petition for removal. . . . The petition cannot be amended to add a separate basis for removal jurisdiction after the thirty day period" set forth in 28 U.S.C. § 1446(b). *O'Halloran*, 856 F.2d at 1381 (citing *Barrow Dev. Co. v. Fulton Ins. Co.,* 418 F.2d 316, 317 (9th Cir.1969)); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (citing 16 Moore's Federal Practice § 107.30[2][a][iv] ("[A]mendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction.")). The Court will not consider an additional basis for removal that Defendant asserts for the first time in its opposition brief, and of which Plaintiff had no notice when the action was removed or when he moved to remand. *See Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013) ("The notice of removal cannot be amended to add new bases for removal after the thirty day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand."). Accordingly, the Court does not consider whether it has CAFA jurisdiction over this action.

**B.     Diversity Jurisdiction**

"Diversity jurisdiction" is granted to federal district courts by 28 U.S.C. § 1332(a) over cases that are between citizens of different states, where the amount in controversy exceeds the jurisdictional minimum (currently $75,000 exclusive of interest and costs). 28 U.S.C. § 1332(a)(1). When a case is removed under § 1332(a), both the "[r]emoval and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (citation modified).

Plaintiff argues the Court does not have diversity jurisdiction over this case because Plaintiff and Defendant are both citizens of Washington State. Dkt. No. 10 at 3–7. Plaintiff further argues Defendant has failed to demonstrate the requisite amount in controversy for purposes of diversity jurisdiction because it relies only on "[c]alculations based on unreasonable and unsupported assumptions" of Plaintiffs' potential attorney fees, and "attempt[s] to impute the entire fee award in a class action" to Plaintiff alone. *Id.* at 8; *see id.* at 7–9.

1.  **Amount in Controversy**

"The federal courts have long accepted the general rule that multiple plaintiffs who join together in a single lawsuit to enforce their rights as individuals may not aggregate their claims to satisfy a jurisdictional threshold for the amount in controversy." *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1155 (C.D. Cal. 2013). The anti-aggregation rule applies to class actions removed on the basis of diversity under 28 U.S.C. § 1332(a), meaning that the separate claims of putative class members cannot be aggregated to meet the threshold. *See Snyder v. Harris,* 394 U.S. 332, 335–36, (1969). Rather, at least one named plaintiff must independently meet the $75,000 threshold. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005). While "Congress explicitly endorsed aggregation of class members' claims when assessing whether the amount in controversy exceeds $5 million" for jurisdiction under the Class Action Fairness Act ("CAFA"), "[t]he anti-aggregation rule continues to apply to diversity class actions, where jurisdiction is founded on 28 U.S.C. § 1332(a)."*Pagel*, 986 F. Supp. 2d at 1159, citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). In a diversity class action,

> the claims of class members can be aggregated to meet the jurisdictional amount requirement only when they unite to enforce a single title or right in which they have a common and undivided interest. To determine the character of that interest, courts look to

>the source of plaintiffs' claims. If the claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct.

*Urbino*, 726 F.3d at 1122 (citation modified). Further, "[o]nly where the claims can strictly be asserted by pluralistic entities as such, or, stated differently, the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally, will a common and undivided interest exist." *Id.* (citation modified).

Here, Plaintiff asserts wage-and-hour violations by Defendant—that is, violations of obligations it owed severally to each potential class member, not jointly to its employees as a group. Therefore, class members' claims cannot be aggregated to assess the amount in controversy. And, there is no allegation that Plaintiff's (or any other employee's) potential individual damages surpass $75,000. *See generally* Dkt. No. 1-2.

While Plaintiff's removal notice suggests a mistaken belief that the damages sought "for himself and each putative class member" are relevant to the amount in controversy (Dkt. No. 1 ¶ 18), the numbers he actually presents are limited to attorney fees, which, he contends—relying on records of hourly billing by Plaintiff's counsel in other case—will alone surpass $75,000 (*see id.* ¶¶ 21–3).[1] Attorney fees may be considered as part of the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). However, while Defendant appears to assume all attorney fees can be assigned to Plaintiff, this is not necessarily the rule. Rather, whether attorney fees in a non-CAFA class action are assigned to the class representative(s) or distributed pro rata among class members depends on the language of the statute providing for recovery of such fees. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th

---

[1] Both Parties focus their amount-in-controversy briefing largely on the accuracy and methodology of Defendant's attorney-fee calculations. *See* Dkt. No. 10 at 7–9; Dkt. No. 12 at 7–14; Dkt. No. 17 at 5, 7. The Court finds no reason to reach these arguments. There appears to be no legitimate dispute that fees in this case could surpass $75,000 in the aggregate, nor that fees will remain below $88,800,000—that is, $75,000 x 1,184 potential class members (*see* Dkt. No. 12 at 15; Dkt. No. 17 at 6). So, it only matters whether attorney fees will be assigned to Plaintiff or distributed among class members—not the specific fee projection or how that projection was derived.

ORDER ON MOTION TO REMAND – 6

Cir. 2001). [2] The *Gibson* court found that fees and costs awarded "to a successful party" under the relevant provision of the California Civil Procedure Code, were awarded to all class members in a class action, despite the fact that the fees were considered to be a "bounty" for successful Plaintiffs litigating in the public interest. *Id.* (citing Cal. Civ. Proc. Code § 1021.5). Courts across the country had reached the same conclusion when statutes provided for fee awards to a "plaintiff," "petitioner," "prevailing party" or "person," or "any person who is injured." *Id.* (collecting cases). By contrast, fees *were* directed to named plaintiffs under a Louisiana statute that allowed courts to grant "*representative parties* their reasonable expenses of litigation, including attorney's fees," when prevailing on behalf of a class. *Id.* (quoting La. Code Civ. Proc. art. 595.)

Plaintiffs in this action seek attorney fees and/or costs under RCW 49.48.030 (Dkt. No. 1.3 ¶¶ 6.10, 7.10, 12.4), RCW 49.46.090 (*id.* ¶¶ 8.4, 9.4, 10.5), and RCW 49.52.070 (*id.* ¶¶ 11.6, 13.5). These statutes provide, in relevant part:

> In any action in which **any person is successful** in recovering judgment for *wages or salary owed to him or her*, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer . . . .

RCW 49.48.030 (boldface added).

---

[2] Neither Party provided the Court with a clear or correct account of the law on this issue. As Plaintiff notes in his reply, Defendant does not address the issue at all and generally "fails to meaningfully grapple with the distinction between individual amounts in controversy for purposes of simple diversity jurisdiction and the class action nature of this case . . . ." Dkt. No. 17 at 7. However, while Plaintiff at least *identified* the issue, his briefing left the Court with far more questions than answers. Plaintiff's entire "argument" on this point consists of an overbroad statement that "Defendant cannot attempt to aggregate the entirety of attorney's fees that would be charged in a class action solely to this individual class representative," citations to three cases that do not support such a broad proposition, and no analysis. *See* Dkt. No. 9 at 10 (citing *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 (9th Cir. 2020); *See Gibson v. Chrysler Corp.*, 261 F.3d at 942; *Urbino*, 726 F.3d at 1122). *Urbino* does not discuss attorney fees at all. *See generally* 726 F.3d 1118. In both *Canela* and *Gibson*, attorney fees were distributed pro rata because of the language in the applicable California statutes. 971 F.3d at 850 n.2; 261 F.3d at 942. Those statutes are not at issue here, and Plaintiff does not address the Washington statutes that are. The thinness of the briefing on this issue—which is dispositive of the motion to remand—required extensive legal research by the Court and significantly delayed resolution of the motion.

ORDER ON MOTION TO REMAND – 7

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable **to such employee affected** . . . for costs and such reasonable attorney's fees as may be allowed by the court. . . .

RCW 49.46.090(1) (boldface added).

> Any employer . . . shall be liable in a civil action **by the aggrieved employee or his or her assignee** to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees . . . .

RCW 49.52.070 (boldface added). While the specific wording in these statutes varies, they all indicate liability to an injured employee who prevails against an employer—not to a class representative. Accordingly, the Court finds that any attorney fees that may be awarded in this case would be awarded to all class members on a pro rata basis. As such, only Plaintiff's pro rata share can be used to meet the jurisdictional minimum.

As Plaintiff notes in their reply, Defendant does not provide any response to Plaintiff's arguments that claims cannot be aggregated, nor attorney fees assigned to Plaintiff alone. But that is the law by which the Court is bound: the amount in controversy is determined by Plaintiff's *individual* damages and his *pro rata share* of attorney fees. Neither the amount in controversy calculated from attorney fees alone in Plaintiff's notice of removal ("no less than $80,000" (Dkt. No. 1 ¶ 23)) nor the more extensive accounting of fees and damages in his opposition brief (approximately $7.7 million (Dkt. No. 12 at 21)) comes anywhere near the jurisdictional threshold when divided among the 1,184 potential class members Defendant expects (*see* Dkt. No. 17 at 6).[3] Therefore, Defendant fails to meet its burden of establishing that the amount in controversy meets the jurisdictional threshold.

---

[3] Rounded to the nearest dollar, $80,000 divided among 1,184 class members is $68 per person, and $7.7 million divided among 1,184 potential class members is $6,503 per person. While the potential recovery of individual class

ORDER ON MOTION TO REMAND – 8

1     Because Plaintiff's individual claims have not been shown to exceed $75,000, the Court

2  finds that it does not have subject-matter jurisdiction over this case under 28 U.S.C. 1332(a), and

3  the case will be remanded to state court.

4     **2.    Diversity of Citizenship**

5     Plaintiff also alleges that there is no diversity jurisdiction over this case because the

6  parties are both citizens of Washington. Dkt. No. 10 at 2. Defendant rebuts this argument with

7  evidence that it is a citizen of Arizona. Dkt. No. Dkt. No. 14 (Smith Decl. and exhibits). Both

8  Parties present extensive evidence and argument on this dispute, which turns on the citizenship

9  of Chris Smith, the only member of Defendant Platinum Nine Holdings, LLC. *See* Dkt. No. 10 at

10  3–7; Dkt. No. 11 (Petitta Decl. and Exhibits); Dkt. No. 12 at 6–7; Dkt. No. 14.

11     Because the Court finds it lacks jurisdiction on the amount-in-controversy question, it

12  need not resolve the question of Mr. Smith's citizenship. The Court observes only briefly,

13  because it is relevant to Plaintiff's motion for an award of fees, *see infra* Section III.C, that

14  Defendant's argument that the parties are diverse is, at the very least, not objectively

15  unreasonable.

16     The parties agree that an LLC is a citizen of every state of which any of its members is a

17  citizen; as Mr. Smith is Defendant's only member, his citizenship determines Defendant's. *See*

18  Dkt. No. 10 at 3–4 (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir.

19  2006)). Any United States citizen is a "citizen" for diversity purposes of the state in which they

20  are domiciled, and one's "domicile" is "a location where he or she has established a fixed

21  habitation or abode in a particular place, and to remain there permanently or indefinitely." *Lew v.*

---

members will vary, Defendant makes no suggestion that Plaintiff's individual recovery would be any higher than average. It is Defendant's burden to demonstrate the amount in controversy, and the Court simply has no basis for finding that the value of Plaintiff's claims comes anywhere near the $75,000 jurisdictional minimum (even accounting for double damages, see Dkt. No. 17 at 5).

*Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (citation modified). In other words, and with the caveat that "a person's old domicile is not lost until a new one is acquired," domicile has only two factors: "fixed habitation" and "intent to remain." *Id.*

Plaintiff incorrectly states that "citizenship" is determined upon a "multi-factor analysis," wherein courts "will analyze several factors, including current residence, voting information, location of property, location of brokerage and bank accounts, location of spouse and family, place of employment, driver's license and automobile registration, payment of taxes, and membership in unions or other organizations." Dkt. No. 17 at 3 (citing *Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019); *Yagman v. Gabbert*, 684 F. App'x 625, 627-28 (9th Cir. 2017)). Not so. Assuming Mr. Smith is a United States citizen (which is not in dispute), his citizenship depends only on his domicile, which in turn has only two elements. What Plaintiff calls "factors" are types of evidence that can be used to prove the actual elements of domicile—fixed habitation and intent to remain—if either element is in dispute.

Here, Mr. Smith avers that he "moved to Arizona in 2017," decided to permanently move [his] residence" in or around that year, "intend[s] to stay in residence in Arizona permanently," and "ha[s] not traveled to Washington State since 2020." Dkt. No. 14 ¶¶ 4, 6, 7. Information Mr. Smith provides about his wife's health and his own supports the conclusion that he intends to remain in Arizona. *See id.* ¶¶ 5–6, 8–9. While Plaintiff contends Mr. Smith did not take "sufficient steps to transfer his domicile," this misstates the law. A new domicile is acquired upon "the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Lew,* 797 F.2d at 750. No further "steps" are required. Though Plaintiff presents substantial evidence that Mr. Smith maintains ties to Washington (*see* Dkt. No. 11), this is consistent with Mr. Smith's declaration (*see* Dkt. No. 14 ¶¶ 4, 6, 12–13), and Plaintiff presents no facts or arguments that would cause the Court to doubt that Mr. Smith physically resides in

Arizona, that he intends to remain there permanently, or that either of these things was not true at the time this lawsuit was filed. Assuming the truth of both the statements in Mr. Smith's declaration and the evidence presented by Plaintiff—none of which is in clear contradiction[4]—the Court finds that Defendant has at least a reasonable basis for arguing that it is a citizen of Arizona (and may well be correct on this point).

**C.   Motions for Fees**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such sanction is appropriate if the attempted removal was "objectively unreasonable." *Lussier v. Dollar Tree Stores*, 518 F.3d 1062, 1065 (9th Cir. 2008). Additionally, under the Local Civil Rules of this District, fees and costs may be ordered as a sanction against "[a]n attorney or party who without just cause . . . presents to the court unnecessary motions or unwarranted opposition to motions . . . ." LCR 11(c). Both Plaintiff and Defendant have moved for awards of fees and costs incurred in litigating this motion. Dkt. No. 10 at 9–10; Dkt. No. 12 at 21–22.

Defendant's motion for fees is denied as a matter of course because Plaintiff prevails on the motion to remand. Had Defendant prevailed, the Court would have considered awarding fees, particularly in light of Plaintiff's failure to meet and confer before filing this motion, which, as Defendant notes, was a violation of this Court's standing Order. *See* Dkt. No. 12 at 6 (citing

---

[4] Plaintiff appears to argue that Mr. Smith's statement that he intends to remain in Arizona contradicts business reports he filed with the Washington Secretary of State (Dkt. No. 17 at 4), and that he "could not, as a matter of law form subjective intent to transfer domicile" because of obligations under RCW 23.95.435(2) as a registered agent of his Washington companies (*id.* at 5 (citing *Von Kennel Gaudin v. Remis*, 379 F.3d 631, 638 (9th Cir. 2004) (rejecting domicile that would violate terms of non-immigrant visa))). These arguments are unavailing. First, the Court can simply discern no contradiction to between the documents and statute Plaintiff cites and Mr. Smith's statements that he resides in Arizona but maintains an address at a home he and his wife still own in Washington, where his sons live and where he continues to receive mail for his businesses. *Compare* Dkt No. 11 at 4–73, *and* RCW 23.95.435(2), *with* Dkt. No. 14. Second, the legal authorities Plaintiff cites in support of these arguments are all clearly inapplicable—except, perhaps, to the extent their reasoning can be adopted by analogy. *See* Dkt. No. 17 at 4–5. Plaintiff does not explain why the Court should be persuaded by these decisions, and the Court does not find them instructive.

ORDER ON MOTION TO REMAND – 11

Judge Tana Lin, *Standing Order for All Civil Cases*, Section II.D, https://wawd-ecf.sso.dcn/doc1/197111814705 (last updated Nov. 1, 2024).

Plaintiff's motion for fees is supported by a single argument: removal was "meritless" because Mr. Smith is a Washington citizen whose domicile Defendant has unreasonably and sanctionably misrepresented. Dkt. No. 10 at 9–10. For the reasons explained above, the Court disagrees. *See supra* Section III.B.2. The Court is especially disinclined to find that removal was unreasonable or meritless where there remains an unanswered question as to whether Defendant could have properly removed this case—though it did not—had it done so under CAFA.

## IV.   CONCLUSION

The Court finds that the Defendant has failed to prove by a preponderance of evidence that the amount in controversy exceeds $75,000. Accordingly, the Court GRANTS Plaintiff's motion and REMANDS this case back to Snohomish County Superior Court. Both Parties' requests that the Court award them fees and costs are DENIED.

Dated this 20th day of November, 2025.

Tana Lin
United States District Judge